UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASIF A. KHAN,

    Plaintiff,

                                                           Case No. 04-73044

v.

                                                           HONORABLE DENISE PAGE HOOD

GENERAL MOTORS CORP.,

    Defendant.
_____/

MEMORANDUM OPINION & ORDER DENYING
DEFENDANT'S MOTION FOR RECONSIDERATION

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion for Reconsideration, filed March 18, 2005. Defendant asks this Court to reconsider its March 4, 2005 Memorandum Opinion & Order Denying Defendant's Motion to Dismiss Plaintiff's Amended Complaint. Defendant alleges the previous Order contained palpable defects, requiring dismissal of Plaintiff's Complaint. For the reasons set forth below, the Court denies Defendant's Motion for Reconsideration.

**II.    STANDARD OF REVIEW**

In analyzing motions for reconsideration, the Court is guided by the standard of review set forth in the Local Rules of the United States District Court for the Eastern District of Michigan, which provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3).  This Court has discretion to grant or deny Plaintiff's Motion for Reconsideration. *Sommer v. Davis,* 317 F.3d 686, 691 (6th Cir. 2003).

### III.   LAW & ANALYSIS

In its Motion, Defendant alleges the Court "held that Plaintiff's Title VII retaliation claims that arose from conduct that allegedly occurred both before and after the filing of Plaintiff's EEOC charge were excepted from Title VII's filing requirements."  (Def.'s Mot. for Reconsideration at 1.)  Defendant further alleges the Court improperly "denied GM's motion to summarily dismiss Plaintiff's Amended Complaint that asserted only state law claims under the Elliott-Larsen Civil Rights Act ("ELCRA")."  (Id.)  Because Defendant fails to demonstrate a palpable defect that has misled the Court, its Motion is denied.

Defendant asserts Plaintiff's remaining retaliation claim is not properly before the Court simply because Plaintiff checked off a box marked "retaliation" in his original EEOC charge dated November 4, 2003.  As the Court has already held, Plaintiff failed to file suit in this Court prior to the expiration of the 90-day filing requirement contained in Title VII. (See Nov. 30, 2004 Mem. Op. & Order.)  The Court specifically allowed Plaintiff to amend his Complaint to include *only* retaliation alleged to have occurred *after* the filing of his EEOC charge.  Defendant's contention that "[a]ny investigation conducted by the EEOC would have included Plaintiff's claim that he was retaliated against by GM prior to filing his EEOC charge," is correct, but it does not address the status of Plaintiff's retaliation claim alleged to have occurred *after* the filing of the EEOC charge.  (See Id. at 3–5.)  It was with respect to that claim that Plaintiff's Amended Complaint was not dismissed.

*Ang v. Proctor & Gamble Co.*, 932 F.2d 540 (6th Cir. 1991), specifically provides an

exception to the EEOC filing requirement for retaliation claims arising after the filing of an EEOC charge. *Id.* at 546-47. Defendant contends this exception does not apply to Plaintiff's Amended Complaint because Plaintiff's original EEOC charge was never "properly before the Court." (Def.'s Mot. at 4) (emphasis removed). Defendant relies on Plaintiff's untimeliness in filing his original Complaint as a basis for barring Plaintiff's subsequent retaliation claims. "[T]here was no administrative charge properly before the Court that Plaintiff's retaliation claim based on conduct occurring after the filing of his EEOC charge could be deemed to grow out of." (Id. at 5.) Plaintiff must, in Defendant's view, first file another EEOC charge and receive another right-to-sue letter prior to asserting his retaliation claims in federal court.

Defendant fails to cite any case law supporting this narrow view of *Ang*. *Ang* noted "retaliation claims, by definition, arise after the filing of the EEOC charge . . . ." 932 F.2d at 547. The exception to the Title VII filing requirement is designed to "promote[] efficiency by requiring only one filing." *Id.* (citation omitted). The *Ang* court went on to provide that "[r]etaliatory conduct occurring prior to the filing of the EEOC complaint is distinguishable from conduct occurring afterwards as no unnecessary double filing is required by demanding that plaintiffs allege retaliation in the original complaint." *Id.* (citing *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 545 n.2 (7th Cir. 1998), *cert. denied*, 491 U.S. 907 (1989)). Without clear support for requiring Plaintiff's original EEOC charge to *remain* "properly before the Court," this Court declines to bar Plaintiff's Second Amended Complaint from proceeding under the *Ang* exception.[1]

This conclusion is supported by considering the reasoning behind the *Ang* exception. *Gupta*

---

[1] The March 4, 2005 Order allowed Plaintiff to file a Second Amended Complaint. Plaintiff did so on March 16, 2005.

*v. East Texas State Univ.*, 654 F.2d 411 (5th Cir. 1981), cited by *Ang* in support of allowing un-filed retaliation claims to remain before the district court, provides as follows:

> There are strong practical reasons and policy justifications for this conclusion. It is the nature of retaliation claims that they arise after the filing of the EEOC charge. Requiring prior resort to the EEOC would mean that two charges would have to be filed in a retaliation case – a double filing that two would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII. We are reluctant to erect a needless procedural barrier to the private claimant under Title VII, especially since the EEOC relies largely upon the private lawsuit to obtain the goals of Title VII. Intertwined with this practical reason for our holding is a strong policy justification. Eliminating this needless procedural barrier will deter employers from attempting to discourage employees from exercising their rights under Title VII.

*Id.* at 414 (citations omitted). The Court holds allowing Plaintiff's Second Amended Complaint to proceed furthers the same policy objectives noted by both the *Ang* and *Gupta* panels. In the absence of clear precedent to the contrary, the Court denies Defendant's Motion for Reconsideration. Plaintiff's state law claims remain properly before the Court pursuant to supplemental jurisdiction. (See Mar. 4, 2005 Mem. Op. & Order at 7–9.)

Accordingly,

IT IS ORDERED that Defendant's Motion for Reconsideration **[Docket No. 20, filed March 18, 2005]** is DENIED.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED:  July 8, 2005

4