**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ASIF A. KHAN,

        Plaintiff,

v.                                                Case No. 04-CV-73044
                                                       Honorable Denise Page Hood

GENERAL MOTORS CORP.,

        Defendant.

        _____/

**ORDER DENYING MOTION TO REOPEN CASE AND**
**DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS***

This matter is before the Court pursuant to Plaintiff Asif Khan's Motion to Reopen for Settlement and Application to Proceed *In Forma Pauperis*. Plaintiff first filed this action in August 2004. Plaintiff accepted a case evaluation on October 24, 2005. The case was dismissed with prejudice on December 21, 2005. Plaintiff now asks that the Court reopen his case in order to facilitate a settlement between the parties. For the reasons stated below, Plaintiff's requests for relief are denied.

**I.     MOTION TO REOPEN CASE**

The Court will construe Plaintiff's Motion to Reopen as a motion for reconsideration. Plaintiff is essentially asking the Court to reconsider its acceptance of the case evaluation and subsequent dismissal of this case with prejudice. The Local Rules provide that any motion for reconsideration must be filed within 14 days after entry of judgment. E.D. Mich. L.R. 7.1(h)(1). No response or oral argument is allowed unless the Court orders otherwise. E.D. Mich. L.R. 7(h)(2).

Pursuant to Rule 7.1(h)(3), "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." A motion for reconsideration is only proper if the movant shows that the Court and the parties were misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plan." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E. D. Mich. L.R. 7.1(h)(3).

Notwithstanding the fact that Plaintiff's request is untimely, Plaintiff has not shown that there is any palpable defect. He states that he was unable to settle the case for personal and family reasons and would like the Court to now facilitate a settlement before the parties. The Court will remind Plaintiff that he accepted a case evaluation and the matter was settled pursuant to that case evaluation. Furthermore, there is no matter before the Court for settlement.

Nor would Plaintiff be entitled to relief under the standard set forth in Federal Rule of Civil Procedure 60(b). The Court may grant a party relief from judgment or order due to the following:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion for relief from judgement must be made within a reasonable time, or in regards to grounds (1), (2), or (3), within a year of entry of judgment. Fed. R. Civ. P. 60(c)(1).

Whether a motion for relief has been filed within a reasonable time "depends on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). Plaintiff has not shown the presence of mistake, new evidence, fraud, or any other basis for relief under Rule 60(b). His request to have a second opportunity to settle a matter that he has already settled does not entitle Plaintiff to relief.

## II.     Application to Proceed In Forma Pauperis

A non-prisoner party seeking to proceed on appeal *in forma pauperis* must meet the requirements of Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999). The party must file an affidavit identifying the issues he wishes to appeal and the basis for his entitlement to proceed without payment of fees. Fed. R. App. P. 24(a)(1); 28 U.S.C. § 1915(a)(1). A party is presumptively entitled to proceed on appeal *in forma pauperis* if such status was granted in the district court case unless the district court determines "that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." Whether an appeal is taken in good faith is an objective standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A finding of good faith simply requires that the issues raised are not frivolous. *Foster v. Ludwick*, 208 F.Supp.2d 750, 765 (E.D. Mich. 2002).

The Court must state its reasons in writing for denying leave. Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). The district court does not abuse its discretion if it denies a motion to proceed in forma pauperis when the plaintiff does not follow the requirements of Rule 24 or section 1915. *See Flippin v. Massey,* 86 Fed. App'x. 896, 896 (6th Cir.

2004) ("The district court did not abuse its discretion here because Flippin failed to support his motion with a sworn affidavit or declaration as required by 28 U.S.C. § 1915(a)(1)."). If the district court denies *in forma pauperis* status, the party may file a motion to proceed *in forma pauperis* with the Court of Appeals. Fed. R. App. P. 24(a)(5).

The Court finds that Plaintiff has not followed the requirements of Rule 24(a) and that any appeal would not be taken in good faith. Although Plaintiff does file an affidavit as required by Rule 24(a), he does not identify the issues that he seeks to appeal. Rather, he explains how the resolution of the case has caused him financial hardship. Even considering Plaintiff's affidavit liberally, the Court will not guess at what issues the Plaintiff seeks to appeal.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Reopen for Settlement [Docket No. 62, filed July 18, 2012] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* [Docket No. 66, filed December 5, 2012] is **DENIED**.

**IT IS SO ORDERED**.

                               S/Denise Page Hood
                               Denise Page Hood
                               United States District Judge

Dated: March 13, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 13, 2013, by electronic and/or ordinary mail.

                               S/LaShawn R. Saulsberry
                               Case Manager